IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANYA BERRIOS,

    Plaintiff,

vs.                                    CASE NO.:

TARGET CORPORATION, a Foreign
Profit Corporation,

    Defendant.
_____/

**DEFENDANT, TARGET CORPORATION'S, NOTICE OF REMOVAL**

Defendant Target Corporation (hereinafter "Defendant"), by and through its undersigned attorneys and pursuant to 28 U.S.C. § 1446, files with this Court a Notice of Removal of the above-captioned matter from the Fourth Judicial Circuit, in and for Duval County, Florida. In support of the removal of this action, Defendant states as follows:

1.    Plaintiff Anya Berrios has filed a civil action in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, Case No. 2021-CA-002866, for claimed injuries allegedly due to an incident in which Mrs. Berrios allegedly slipped and fell on the Defendant's premises on September 8, 2019 in Duval County, Florida. True and correct copies of all process and pleadings served

by or upon Defendant, as provided by 28 U.S.C. § 1446(a), are attached hereto as Exhibit "A".

2. Defendant removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441.

3. At the time of the incident alleged in Plaintiff's Complaint, Plaintiff was a citizen and resident of Duval County, Florida. Plaintiff is currently a citizen and resident of Baker County, Florida. (Plaintiff's Answers to Defendant's Interrogatories number 3 are attached hereto as Exhibit "B".)

4. Defendant Target Corporation, at all relevant times, has been a domiciliary of the State of Minnesota, is incorporated in Minnesota, and has its principal place of business in Minnesota.

5. The Complaint alleges the damages "exceed Thirty Thousand Dollars ($30,000.00)." (Complaint ¶1). Plaintiff's Complaint alleges she "suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition." (Complaint ¶ 16). Plaintiff claims these losses are permanent and continuing and will continue to be suffered in the future. (*Id.*).

6. Defendant served Interrogatories and a Request for Production on Plaintiff on August 3, 2021. Her responses were received on September 2, 2021. In

her answers to Defendant's Interrogatories, number 10, the Plaintiff is alleging injuries to her "left knee, ankle, back and neck."

7. Plaintiff produced medical billing records in response to Defendant's Request for Production. The expenses known to date are as follows, and copies of her bills have been attached hereto as Exhibit "C":

| | |
|---|---:|
| Memorial Hospital Jacksonville | $16,917.00 |
| Personal Injury Physicians | $12,675.00 |
| Surgery Consultants of Florida, LLC | $251,145.00 |
| Injury Pharmacy Solutions | $972.38 |
| Elite Imaging – Arlington | $4,050.00 |
| Summerlin Imaging, LLC | $4,450.00 |
| Ortega Chiropractic Clinic | $2,790.00 |
| **TOTAL** | **$292,999.38** |

8. In response to Defendant's Interrogatory number 13, which asks if Plaintiff is alleging lost income, benefits or earning capacity in the past or future, Plaintiff states she "had to stop working due to her injuries. Plaintiff was unable (*sic*) be on her fee (*sic*) for long periods of time due to the pain and could not sit for periods of time due to the neck pain."

8. Although Plaintiff does not allege an exact monetary amount as to lost income, benefits or earning capacity in the past or future, based on the Plaintiff's claimed past medical expenses alone, the amount in controversy in this case is well above the $75,000 jurisdictional threshold.

9. Defendant has filed this Notice of Removal within thirty (30) days of service of Plaintiff's responses to Defendant's Interrogatories and Request for Production on September 2, 2021. Therefore, this Notice of Removal is timely.

10. Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of this removal to all parties and has filed a copy of this Notice of Removal in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida.

11. The United States District Court for the Middle District of Florida, Jacksonville Division, encompasses the location of the State Court action. Thus, Defendant may properly remove the State Court action to this District Court pursuant to 28 U.S.C. §1441(a).

12. The amount in controversy in this case is greater than $75,000.00 exclusive of interest and costs, and there is complete diversity between the parties. Therefore, this United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332.

13. Pursuant to the rules of this Court, Defendant has submitted the $400.00 filing fee.

WHEREFORE, the Defendant respectfully requests that this Court accept the removal of this action from the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 28th day of September, 2021:

R. Jeremy Hill, Esquire
Farah & Farah, P.A.
800 North Magnolia Avenue, Suite 105
Orlando, FL 32803
Email: jhill@farahandfarah.com; tcastaneda@farahandfarah.com
*Attorneys for Plaintiff*

        SAALFIELD SHAD, P.A.

        /s/ Joseph B. Stokes, III
        _____
        **JOSEPH B. STOKES, III, ESQUIRE**
        Florida Bar Number: 897183
        Email (Primary) jstokes@saalfieldlaw.com
        Email (Secondary) llovein@saalfieldlaw.com; khosea@saalfieldlaw.com
        **AMANDA RUMKER, ESQUIRE**
        Florida Bar Number: 125580
        Email (Primary) arumker@saalfieldlaw.com
        245 Riverside Avenue, Suite 400
        Jacksonville, FL 32202
        904-355-4401 (phone)
        904-355-3503 (facsimile)
        *Attorneys for Defendant*