Filing # 127308883 E-Filed 05/21/2021 02:58:28 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

ANYA BERRIOS,

    Plaintiff,

v.

TARGET CORPORATION,
A Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, ANYA BERRIOS, by and through undersigned counsel, sues Defendant, TARGET CORPORATION, A Foreign Profit Corporation, (hereinafter "TARGET") and alleges:

1.     This is an action for damages in excess of $30,000.00.

2.     At all times hereto, Plaintiff, ANYA BERRIOS, was a resident of Baker County, Florida.

3.     At all times material to, Defendant, TARGET was a Foreign Profit Corporation with its principal address at 1000 NICOLLET MALL, MINNEAPOLIS, MN 55403, but was licensed to do business in the State of Florida and was doing business in Duval County, Florida in that they operated a store in same.

4.     At all times material hereto, Defendant, TARGET, was conducting business in Duval County, Florida at a location at 9041 Southside Boulevard, Jacksonville, FL 32256-5484.

5. Venue is proper in Duval County as the occurrence giving rise to this cause of action occurred in Duval County.

6. At all times material hereto. Defendant was in possession of, owned, maintained, managed, and/or controlled the premises described above.

7. At all times material hereto, Plaintiff, ANYA BERRIOS, was a patron and business invitee of the Defendant's premises as a customer.

8. At all times material hereto, Defendant owed a non-delegable duty to Plaintiff to warn the Plaintiff of dangerous conditions that Defendant knew of and/or had constructive knowledge of and to take action to remedy said dangerous conditions.

9. This defendant had actual or constructive notice of the existence of this aforesaid transitory foreign substance on the floor of its store and should have taken steps to remedy the condition or warn plaintiff of its existence. It did neither.

10. The defendant had actual notice of the unreasonably dangerous condition in that defendant created, caused, contributed to, and/or assisted in the creation of the dangerous and defective condition on the floor.

11. The defendant was on constructive notice of the unreasonably dangerous condition caused by this transitory foreign substance because:

    (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, Defendant should have known of the condition; or

    (b) The condition, to wit, a transitory substance on the floor of this store, occurred with regularity and was therefore foreseeable.

12. The Defendant breached its aforesaid duties to the Plaintiff by allowing this unreasonably dangerous condition to exist on its property and/or by failing to warn Plaintiff of its existence.

13. Plaintiff was walking in the store and slipped and fell, injuring herself.

14. There was no sign or warning for any sort of dangerous and defective condition on the floor. The dangerous and defective condition was caused by the Defendant and/or existed for sufficient time for the Defendant to have actual and/or constructive notice of such condition to correct same which Defendant had a duty to do and which the Defendant negligently and carelessly failed and neglected to do so.

15. As direct and proximate result of the defective and dangerous condition and the aforesaid negligence of the Defendant, Plaintiff, ANYA BERRIOS, was caused to slip and fall onto the floor resulting in bodily injury.

16. As a result, Plaintiff, ANYA BERRIOS suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are permanent and continuing within a reasonable degree of medical probability and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, ANYA BERRIOS, demands judgment against Defendant, TARGET, for damages and costs and a trial by jury of all issues herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing will be furnished to the Defendant by process server.

                                    FARAH AND FARAH, P.A

                                    s/ *R. Jeremy Hill*
                                    R. Jeremy Hill, Esq. (FBN: 65718)
                                    800 North Magnolia Avenue, Ste. 105
                                    Orlando, FL 32803
                                    Primary Email: Jhill@farahandfarah.com
                                    Secondary Email: tcastaneda@farahandfarah.com
                                    Attorney for Plaintiff